UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

SENSIENT TECHNOLOGIES CORPORATION
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202,

Case No. _____

SENSIENT FLAVORS LLC
5600 W. Raymond Street
Indianapolis, Indiana 56241

**JURY TRIAL DEMANDED**

        Plaintiff,

v.

SENSORYFLAVORS, INC.
231 Rock Industrial Park Drive
Bridgeton, Missouri 63044

PERFORMANCE CHEMICALS &
INGREDIENTS CO.,
231 Rock Industrial Park Drive
Bridgeton, Missouri 63044

DIEHL FOOD INGREDIENTS, INC.,
24 N. Clinton Street
Defiance, Ohio 43512, and

HIGHLANDER PARTNERS, L.P.
3811 Turtle Creek, Suite 250
Dallas, Texas 75219

        Defendants.

## COMPLAINT

Plaintiffs Sensient Technologies Corporation ("Sensient Technologies") and its flavoring subsidiary Sensient Flavors LLC ("Sensient Flavors"), by their undersigned attorneys, for their complaint against Defendants SensoryFlavors, Inc. ("SensoryFlavors"), Performance Chemicals & Ingredients Co. ("PCI"), Diehl Food Ingredients, Inc. ("Diehl"), and Highlander Partners, L.P. ("Highlander") state the following:

## NATURE AND STATUTORY BASIS OF ACTION

This is an action for federal trademark infringement and false advertising under the Lanham Act, 15 U.S.C. §§ 1114-1118 and 1125, and under Missouri law.

## PARTIES

1. Plaintiff, Sensient Technologies is a Wisconsin corporation with its principal place of business located at 777 East Wisconsin Avenue, Milwaukee, Wisconsin.

2. Plaintiff Sensient Flavors is a wholly-owned subsidiary of Sensient Technologies with its principal place of business located at 5600 W. Raymond Street, Indianapolis, Indiana.

3. Upon information and belief, Defendant SensoryFlavors is a Delaware company located at 231 Rock Industrial Park Drive, Bridgeton, Missouri.

4. Upon information and belief, Defendant PCI is a Delaware company located at 231 Rock Industrial Park Drive, Bridgeton, Missouri, and owns SensoryFlavors.

5. Upon information and belief, SensoryFlavors is the new name for Givaudan Flavours North America's dairy and ice cream flavors business, which was purchased and renamed by PCI on February 13, 2008.

6. Upon information and belief, Defendant Diehl Food Ingredients, Inc. ("Diehl") is a foreign corporation headquartered at 24 N. Clinton Street, Defiance, Ohio 43512.

7. Upon information and belief, Defendant Highlander Partners, L.P. is a foreign limited partnership located at 3811 Turtle Creek, Suite 250, Dallas, Texas, with the following principals: Charles Nicolais, Michael Nicolais and Alex Guiva.

8. Charles Nicolais is the president of SensoryFlavors, as well as the president of PCI and Diehl, and was the head of Sensient Colors, a subsidiary of Sensient Technologies located in St. Louis, Missouri, and sister company to Sensient Flavors from February 2004 to July 2005.

9. There are two other individuals associated with SensoryFlavors and/or its parent companies, both of which also held managerial positions at Sensient Colors.

10. Upon information and belief, Darren Lane is the current Chief Financial Officer of Diehl and was the controller for Sensient Colors from February 2003 to June 2007.

11. Upon information and belief, Dennis Reid also works for Diehl and/or PCI and was the marketing manager for Sensient Colors from April 2002 to December 2004.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1338 and 1367, principles of supplemental jurisdiction, and pursuant to application of Missouri's long-arm statutes, Mo. Rev. Stat. §§ 506.500. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), in that at least one defendant resides in this judicial district.

13. Upon information and belief, the parent defendants named in this action, including PCI, Diehl and Highlander Partners, exercise direct control over SensoryFlavors, and SensoryFlavors is effectively an agent of the parent defendants in the state of Missouri.

## ALLEGATIONS COMMON TO ALL CLAIMS

*Sensient*

14. Sensient Technologies is a global business based in Milwaukee, Wisconsin.

15. Sensient Technologies and its subsidiaries develop, manufacture and distribute proprietary flavor, fragrance and color systems that are the essential components of thousands of food, beverage, household care, and personal products around the world.

16. Sensient Technologies is a world-leading supplier of sophisticated, valued-added flavors and food ingredients.

17. Sensient Technologies has earned a prominent presence in the food, beverage, and ingredient marketplace and has sustained it for more than 125 years.

18. Before 2000 Sensient Technologies was known as Universal Foods.

19. In 2000 Universal Foods made the decision to re-brand itself by creating the coined name "Sensient" and designing its fanciful mark.

20. In the ensuing years, Sensient Technologies invested significant time and millions of dollars to rename itself and its subsidiaries, including Sensient Flavors and Sensient Colors, and to label all of its products with the new name and mark.

*The Sensient Marks*

21. To protect its distinctive presence in this market, Sensient owns several trademarks: SENSIENT, SENSIENT TECHNOLOGIES, and SENSIROME, among many others featuring the "SENS" prefix, and uses the trade names Sensient, Sensient Flavors and Sensient Colors. These and other Sensient-owned trademarks identified above (collectively referred to herein as the "Sensient marks") are used on goods and services in Missouri and elsewhere in the United States.

22. The Sensient marks are federally registered or are the subject of pending federal trademark applications, or are protected by common law.

23. Sensient Technologies' federally registered trademarks are featured on Sensient's websites (www.sensient-tech.com and www.sensientflavors.com), in all Sensient Technologies' marketing materials, and on advertising, packaging, and labeling for Sensient Technologies and Sensient Flavors' products.

*SensoryFlavors*

24. SensoryFlavors is the recently-acquired and renamed food ingredient business that was purchased by Defendant PCI on February 13, 2008.

25. According to press releases, like Sensient Flavors, SensoryFlavors' facility produces flavor bases and variegates utilized by dairies in the production of ice cream and novelty products as well as cocoa powder.

26. As stated, the products that SensoryFlavors plans to offer under the SensoryFlavors brand, including food flavorings and additives that purport to enhance taste and improve the nutritional profile of food, specifically ice cream and dairy products, are very similar to and compete with products offered by Sensient Flavors under the Sensient Marks and Sensient Flavors brand.

27. SensoryFlavors' choice of a confusingly similar name was an intentional copying of Sensient's federally registered trademarks and the Sensient Flavors trade name.

28. By virtue of Charles Nicolais' previous position with Sensient Flavors, neither he, nor any of the defendant companies can claim ignorance as to the existence or significance of Sensient's marks and Sensient Flavors' name.

29. PCI chose to re-name its newly-acquired business SensoryFlavors to associate itself with Sensient's reputation and goodwill.

30. SensoryFlavors' actions are also plainly calculated to erode Sensient's distinctive trademark with respect to its flavoring products, as well as the goodwill associated with Sensient Technologies and Sensient Flavors' name in the food industry.

31. SensoryFlavors' adoption and use of a mark likely to cause confusion in the marketplace for food ingredient products is the type of harm the Lanham Act was designed to prevent.

32. Unless enjoined, SsensoryFlavors' knowing, willful, and unlawful use of these marks in the marketplace threatens to cause customer confusion and injury to Sensient Technologies and Sensient Flavors' reputation.

33. SensoryFlavors already uses the SensoryFlavors name and logo in advertisements and on websites for its business.

34. SensoryFlavors' use of the SensoryFlavors name involves an intent to deceive the marketplace into believing that SensoryFlavors' products are somehow affiliated with, sponsored by, or otherwise connected to the goodwill and reputation of Sensient Technologies and/or Sensient Flavors.

35. SensoryFlavors' use of the SensoryFlavors name constitutes passing off products not originating with or authorized by Sensient Technologies or Sensient Flavors as being such.

36. Purchasers and prospective purchasers of SensoryFlavors' products are likely to be confused and deceived into believing, contrary to fact, that SensoryFlavors' products are sponsored by, authorized by, or associated with Sensient Technologies and/or Sensient Flavors therefore backed by Sensient Technologies and/or Sensient Flavors' reputation and goodwill.

37. SensoryFlavors' conduct creates a likelihood of confusion, mistake and deception as to the source and sponsorship of SensoryFlavors' goods, services and business, all to Sensient Technologies and Sensient Flavors' irreparable loss and damage.

38. In addition, SensoryFlavors' acts complained of herein are likely to dilute and have diluted the distinctive quality of the Sensient marks, including the Sensient Flavors name.

39. SensoryFlavors' conduct is likely to dilute and unless enjoined will continue to dilute the ability of the Sensient marks to function as source-indicators and has caused actual harm to those marks and to Sensient Technologies and/or Sensient Flavors' reputation and goodwill.

40. SensoryFlavors' misrepresentations and false advertising are material and are likely to influence purchasing decisions and are likely to deceive.

41. Unless enjoined, SensoryFlavors will continue to deceive a substantial segment of the marketplace.

42. As long as SensoryFlavors is allowed to continue to use the SensoryFlavors name, Sensient's reputation and goodwill are in jeopardy.

43. SensoryFlavors' misrepresentations and false advertising are likely to deceive and unless enjoined will continue to deceive a substantial segment of consumers and potential customers.

44. Unless enjoined, SensoryFlavors' trademark infringement will result in irreparable harm to Sensient Technologies and Sensient Flavors' reputation and goodwill and actual deception of and damage to consumers.

45. Sensient Technologies and Sensient Flavors have suffered and will continue to suffer irreparable injury to its reputation and goodwill unless SensoryFlavors is enjoined from

continuing the conduct complained of, which injury cannot be adequately compensated monetarily.

46. SensoryFlavors' acts complained of herein were committed and are being committed willfully, and this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

47. Sensient realleges each and every allegation of the preceding paragraphs of this complaint as if fully set forth herein.

48. The acts of SensoryFlavors complained of herein constitute trademark infringement in violation of 15 U.S.C. §§ 1114(1).

49. By reason of the foregoing unlawful conduct, Sensient has been and will continue to suffer irreparable harm and other injury.

## COUNT TWO
## FEDERAL UNFAIR COMPETITION

50. Sensient realleges each and every allegation of the preceding paragraphs of this complaint as if fully set forth herein.

51. The acts of SensoryFlavors complained of herein constitute a violation of 15 U.S.C. §1125(a)(1)(A).

52. By reason of the foregoing unlawful conduct, Sensient has been and will continue to suffer irreparable harm and other injury.

## COUNT THREE
## FEDERAL FALSE ADVERTISING

53. Sensient realleges each and every allegation of the preceding paragraphs of this complaint as if fully set forth herein.

54. The acts of SensoryFlavors complained of herein constitute false advertising under 15 U.S.C. § 1125 (a)(l)(B).

55. By reason of the foregoing unlawful conduct, Sensient has been and will continue to suffer irreparable harm and other injury.

### COUNT FOUR
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

56. Sensient realleges each and every allegation of the preceding paragraphs of this complaint as if fully set forth herein.

57. The acts of SensoryFlavors complained of herein constitute common law trademark infringement and unfair competition in violation of the laws of the State of Missouri and the laws of the several states.

58. By reason of the foregoing unlawful conduct, Sensient has been and will continue to suffer irreparable harm and other injury.

### COUNT FIVE
### TRADEMARK INFRINGMENT UNDER MO. REV. STAT. § 417.066(1)

59. Sensient realleges each and every allegation of the preceding paragraphs of this complaint as if fully set forth herein.

60. The acts of SensoryFlavors complained of herein constitute violations of Mo. Rev. Stat. § 417.066(1).

61. By reason of the foregoing unlawful conduct, Sensient has been and will continue to suffer irreparable harm and other injury.

### COUNT SIX
### TRADEMARK DILUTION UNDER MO. REV. STAT. § 417.061(1)

62. Sensient realleges each and every allegation of the preceding paragraphs of this complaint as if fully set forth herein.

63. The acts of SensoryFlavors complained of herein constitute violations of Mo. Rev. Stat. § 417.066(1).

64. By reason of the foregoing unlawful conduct, Sensient has been and will continue to suffer irreparable harm and other injury

**WHEREFORE**, Sensient prays for judgment against SensoryFlavors as follows:

1. A preliminary and permanent injunction against SensoryFlavors and its servants, agents, employees, successors and assigns, and all persons acting in privity or active concert with them, enjoining them from:

   (a) using in any manner:

       (i) the SensoryFlavors name and logo or any related or derivative marks; or

       (ii) the Sensient Marks or any mark confusingly similar to the Sensient Marks or any related or derivative marks, on or in connection with any unauthorized goods or services;

   (b) disseminating, using or distributing any advertising or promotional materials, electronic or otherwise:

       (i) that contain the SensoryFlavors name and logo, the Sensient Marks, or any mark confusingly similar to the Sensient Marks; or

       (ii) that state or imply that SensoryFlavors is an authorized distributor of or are otherwise connected to Sensient;

   (c) using the SensoryFlavors name and logo, the Sensient Marks, or any mark confusingly similar to the Sensient Marks in any other manner likely to cause

confusion, mistake or deception as to the source or sponsorship of SensoryFlavors' goods or services;

(d) holding themselves and/or any business they are connected with out to the public as being authorized by Sensient or as being affiliated with or sponsored by Sensient in any manner or committing any acts likely to imply such a relationship or affiliation;

(e) passing off their products and services as originating with or sponsored or authorized by Sensient;

(f) using and/or operating the URL, www.sensoryflavors.com;

(g) further diluting the distinctive value of the Sensient Marks; and

(h) using or disseminating any false or misleading statements as to the nature, quality, or characteristics of SensoryFlavors goods and services.

2. Requiring SensoryFlavors to deliver up to Sensient for destruction all goods, signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, and any other written or printed material in their possession or under their control which bear the SensoryFlavors name and logo, the Sensient Marks, or any mark confusingly similar to the Sensient Marks or which contain any false or misleading representation of fact and any plates, molds and other means of making the same;

3. Requiring SensoryFlavors to deactivate and eliminate the URL, www.sensoryflavors.com or, in the alternative, transfer the URL to Sensient;

4. Requiring an accounting of profits made by SensoryFlavors as a result of the acts complained of herein;

5.  Awarding damages sustained by Sensient as a result of the acts complained of herein, to be trebled in accordance with 15 U.S.C. § 1117;

6.  Awarding Sensient's attorneys' fees pursuant to 15 U.S.C. § 1117;

7.  Awarding Sensient punitive damages for SensoryFlavors continued outrageous, intentional, and egregious deception of consumers and violation of Sensient's rights; and

8.  Awarding Sensient interest, costs, and such other relief as the court may deem just and equitable.

Plaintiffs demand a trial by jury on all issues so triable.

Dated this ___ day of March, 2008.

**MICHAEL BEST & FRIEDRICH LLP**

By:/s/ _____
Paul F. Linn, SBN 1009685
pflinn@michaelbest.com
Monica M. Riederer, SBN 1037992
mmriederer@michaelbest.com
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
414-271-6560 (phone)
414-277-0656 (fax)

**ARMSTRONG TEASDALE LLP**

By: _[signature]_____
William M Corrigan, Jr.            #2879
wcorrigan@armstrongteasdale.com
Andrew B. Mayfield                 #3779
amayfield@armstrongteasdale.com
Jeffrey L. Schultz                 #507243
jschultz@armstrongteasdale.com
Michael H. Longmeyer               #2494309
mlongmeyer@armstrongteasdale.com
ARMSTRONG TEASDALE, LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (facsimile)

Attorneys for Plaintiff
Sensient Technologies Corporation